UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Darlene Esposito, <br><br> Plaintiff, <br><br> v. <br><br> Center Point Legal Solutions, <br><br> Defendant. | Case No. 23-CV-0645 (SRN/DJF) <br><br><br> **ORDER OF DISMISSAL** |

SUSAN RICHARD NELSON, United States District Judge

Plaintiff Darlene Esposito did not pay the filing fee for this matter, instead applying for *in forma pauperis* ("IFP") status. *See* Doc. No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of the IFP application, the Court concludes that Esposito qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The

complaint must "state a claim to relief that is plausible on its face." *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Esposito brings this action against defendant Center Point Legal Solutions seeking production of documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Minnesota Government Data Practices Act ("MGDPA"), Minn. Stat. § 13.01 et seq.  Both statutes are clear, however, that they apply only to requests for documents and other information from the *government*—either the federal government (in the case of FOIA) or the state government and local governments (in the case of the MGDPA).  *See Mace v. U.S. E.E.O.C.*, 37 F. Supp. 2d 1144, 1150 n.6 (E.D. Mo. 1999) (noting that "FOIA applies only to records held by a federal government agency"); 5 U.S.C. § 551(1); Minn. Stat. § 13.01, subd. 3 ("This chapter regulates the collection, creation, storage, maintenance, dissemination, and access to government data in government entities.").  Center Point Legal Solutions is not plausibly alleged by Esposito to be a governmental entity subject to either FOIA or the MGDPA., and therefore Esposito has not pleaded a plausible claim for relief under either FOIA or the MGDPA.

Accordingly, this action will be dismissed pursuant to § 1915(e)(2)(B) and Esposito's IFP application will be denied.  Finally, a warning: Although Esposito is not represented by counsel, the requirement of Rule 11(b)(2) of the Federal Rules of Civil Procedures that all must claims be "warranted by existing law or by a nonfrivolous

argument for extending, modifying, or reversing existing law or for establishing new law" applies equally to represented and unrepresented litigants alike. Esposito has been told before—in plain, uncomplicated terms—that FOIA does not apply to private entities, and she would have received this message from another federal court only days before initiating this lawsuit. *See Esposito v. Google LLC*, No. 23-245, 2023 WL 2078222, at *2 (W.D. Penn. Feb. 17, 2023). Since that time, Esposito has received this message again from another federal court. *See Esposito v. Verif Acts, Inc.*, No. 23 C 50078, Doc. No. 4 (N.D. Ill. Mar. 10, 2023). This Court is now the third to tell Esposito what is compelled from the text of the statute: FOIA applies to federal agencies, not non-governmental entities. Going forward, Esposito should take care to ensure that there is a non-frivolous argument that the defendant she is suing under FOIA is subject to FOIA.

## CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. This matter is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).
2. The application to proceed *in forma pauperis* of plaintiff Darlene Esposito [Doc. No. 2] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 12, 2023

                                                                s/Susan Richard Nelson
                                                                 SUSAN RICHARD NELSON
                                                                 United States District Judge